

John Bauer, Attorney
16103 W. Augusta
Litchfield Park, Arizona  85340
State Bar 91471
(623) 322-3859

Debra C. Young
Attorney at Law
610 Anacapa Street
Santa Barbara, CA  93101



Attorneys for Debtors, Danilo and Lydia Trinidad

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NAME OF DEBTOR,<br><br>           Debtor | Bk. No. 09-bk-27152 GM<br><br>In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.)<br><br>**DEBTORS' CHAPTER 11 FIRST AMENDED PLAN**<br><br>**Disclosure Statement Hearing**<br><br>Date:  May 11, 2010<br>Time:  10:00 a.m.<br>Ctrm:  303<br>      21041 Burbank Blvd.<br>      Woodland Hills,CA 91367<br><br>**Plan Confirmation Hearing**<br>See Disclosure Statement for Voting and Objecting Procedures<br>Date: _____<br>Time: _____<br>Ctrm:  303<br>      21041 Burbank Blvd.<br>      Woodland Hills,CA 91367 |

-1-

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | **INTRODUCTION** | 1 |
| II. | **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS** | 1 |
| | A. General Overview | 1 |
| | B. Unclassified Claims | 2 |
| |    1. Administrative Expenses | 2 |
| |    2. Priority Tax Claims | 2 |
| | C. Classified Claims and Interests | 3 |
| |    1. Classes of Secured Claims | 3 |
| |    2. Classes of Priority Unsecured Claims | 4 |
| |    3. Class of General Unsecured Claims | 4 |
| |    4. Class(es) of Interest Holders | 4 |
| | D. Means of Performing the Plan | 4 |
| |    1. Funding for the Plan | 5 |
| |    2. Post-Confirmation Management | 5 |
| |    3. Disbursing Agent | 5 |
| III. | **TREATMENT OF MISCELLANEOUS ITEMS** | 6 |
| | A. Executory Contracts and Unexpired Leases | 6 |
| |    1. Assumptions | 6 |
| |    2. Rejections | 6 |
| | B. Changes in Rates Subject to Regulatory Commission Approval | 7 |
| | C. Retention of Jurisdiction | 7 |
| IV. | **EFFECT OF CONFIRMATION OF PLAN** | 7 |
| | A. Discharge | 7 |
| | B. Revesting of Property in the Debtor | 7 |
| | C. Modification of Plan | 8 |
| | D. Post-Confirmation Status Report | 8 |
| | E. Quarterly Fees | 8 |
| | F. Post-Confirmation Conversion/Dismissal | 8 |
| | G. Final Decree | 9 |
| | EXHIBIT A - EXECUTORY CONTRACTS TO BE ASSUMED | 10 |

I.

## INTRODUCTION

Danilo and Lydia Trinidad are the Debtors in a Chapter 11 bankruptcy case. On December 18, 2010, Debtors commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This First Amended Plan proposed by Danilo and Lydia Trinidad ("Proponents"). Sent to you in the same envelope as this document is the First Amended Disclosure Statement which has been approved by the Court, and which is provided to help you understand the First Amended Plan.

This is a reorganizing plan. In other words, the Proponents seek to accomplish payments under the First Amended Plan by increasing rents, reducing expenses and paying 26.7% of the general unsecured claims of class #3. The Effective Date of the proposed Plan is July 1, 2010.

II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A. General Overview**

As required by the Bankruptcy Code, this First Amended Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The First Amended Plan states whether each class of claims or

interests is impaired or unimpaired. This First Amended Plan provides the treatment each class will receive.

**B. Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the First Amended Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponents have <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

**1. Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the First Amended Plan, unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtors' § 507(a)(1) administrative claims and their treatment under this Plan.[13]

| Name | Amount Owed | Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
| Attorney's Fees (J. Bauer) | $8,000.00 | Paid in full on Effective Date |
| Attorney's Fees (D. Young) | $13,500.00 | Paid in full on Effective Date |
| TOTAL: | $21,500.00 |  |

-4-

Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professionals in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this First Amended Plan.

    **2.    Priority Tax Claims**

There are no priority tax claims.

**C.    Classified Claims and Interests**

    **1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtors' secured pre-petition claims and their treatment under this First Amended Plan:

| CLASS#1 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|---|
| | Secured claim of: | | yes | ● Pymt interval | =mo |
| | ● Name = Wells Fargo | | | ● Pymt amt/interval | 2,086 |
| | ● Collateral | | | ● Balloon pymt | 0 |
| | 15954 Vose St.<br>Los Angeles, CA | | | ● Begin date | 6/1/10 |
| | ● Collateral value = | | | ● End date | 5/1/40 |
| | $400,000 | | | ● Interest rate | 4.75% |
| | ● Priority of<br>  security int. = 1st | | | ● Total payout % | 100% |
| | ● Principal owed = | | | ● Treatment of Lien | |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | $847,243.65<br><br>● Pre-pet. arrearage amount =<br><br>● Post-pet. arrearage amount =<br><br>● Total claim amount =<br><br>$847,243.65 |  |  | Impaired – this class is entitled to vote on the Plan. |  |
| Class #2 | Secured claim of:<br><br>● Name = Wachovia<br><br>● Collateral<br><br>15811 Hart Street<br>Los Angeles, CA<br><br>● Collateral value =<br><br>$380,000<br><br>● Priority of security int. = 1st<br><br>● Principal owed =<br><br>618,580.24<br><br>● Pre-pet. arrearage amount =<br><br>● Post-pet. arrearage amount =<br><br>● Total claim amount =<br><br>618,580.24 |  |  | ● Pymt interval<br><br>● Pymt amt/interval<br><br>● Balloon pymt<br><br>● Begin date<br><br>● End date<br><br>● Interest rate<br><br>● Total payout %<br><br>● Treatment of Lien<br><br>Impaired, this class is entitled to vote on the Plan. | mo.<br><br>1,982<br><br>0<br><br>6/1/10<br><br>5/1/40<br><br>4.75%<br><br>100% |

The cClass #1 and Class #2 creditors will retain their liens under the First Amended Plan. There will be no other modification of the Class #1 and Class #2 loan obligations other than is set

-6-

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | $847,243.65<br><br>● Pre-pet. arrearage amount =<br><br>● Post-pet. arrearage amount =<br><br>● Total claim amount =<br><br>$847,243.65 |  |  | Impaired – this class is entitled to vote on the Plan. |  |
| Class #2 | Secured claim of:<br><br>● Name = Wachovia<br><br>● Collateral<br><br>15811 Hart Street<br>Los Angeles, CA<br><br>● Collateral value =<br><br>$380,000<br><br>● Priority of security int. = 1st<br><br>● Principal owed =<br><br>618,580.24<br><br>● Pre-pet. arrearage amount =<br><br>● Post-pet. arrearage amount =<br><br>● Total claim amount =<br><br>618,580.24 |  |  | ● Pymt interval<br><br>● Pymt amt/interval<br><br>● Balloon pymt<br><br>● Begin date<br><br>● End date<br><br>● Interest rate<br><br>● Total payout %<br><br>● Treatment of Lien<br><br>Impaired, this class is entitled to vote on the Plan. | mo.<br><br>1,982<br><br>0<br><br>6/1/10<br><br>5/1/40<br><br>4.75%<br><br>100% |

The cClass #1 and Class #2 creditors will retain their liens under the First Amended Plan. There will be no other modification of the Class #1 and Class #2 loan obligations other than is set

-6-

forth in the First Amended Plan.

### 2. Classes of Priority Unsecured Claims

There are no priority unsecured claims.

### 3. Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this First Amended Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| | General unsecured claims<br><br>● Total amt of claims = $701,337.65 | yes | ● Pymt interval<br>● Pymt amt/interval<br>● Begin date<br>● End date<br>● Interest rate %<br>● Total payout %<br>  Total payout | =monthly<br>=$3,130<br>=7/1/10<br>=6/30/15<br>=0<br>=26.7%<br>=$187,800 |

| CLASS#4 | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| | General unsecured claims<br><br>● Total amt of claims = $25,260 | yes | ● Pymt interval<br>● Pymt amt/interval<br>● Begin date<br>● End date<br>● Interest rate %<br>● Total payout % | =0<br>=0<br>=0<br>=0<br>=0<br>=0 |

### 4. Class(es) of Interest Holders

The debtors are the interest holders and they receive no payments under the First Amended Plan.

### D. Means of Performing this First Amended Plan

#### 1. Funding for the First Amended Plan

-7-

The First Amended Plan will be funded by the following: rents and earned income.

### 2. Post-Confirmation Management

Danilo and Lydia Trinidad will be in charge of post confirmation management. Danilo Trinidad will maintain the 2 rental properties. Lydia Trinidad will collect the rents, use the rents and the debtors' earned income to pay the expenses, and keep the financial accounts.

### 3. Disbursing Agent

Lydia Trinidad shall act as the disbursing agent for the purpose of making all distributions provided for under this First Amended Plan. The Disbursing Agent shall serve without bond and shall receive no payment for distribution services rendered and expenses incurred pursuant to the First Amended Plan.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

### A. Executory Contracts and Unexpired Leases

#### 1. Assumptions

There are no unexpired leases to be assumed.

The executory contracts to be assumed as obligations of the reorganized Debtor under this First Amended Plan are described in Exhibit A.

On the Effective Date, each of the executory contracts listed

above shall be assumed as obligations of the reorganized Debtor. The Order of the Court confirming this First Amended Plan shall constitute an Order approving the assumption of each contract listed above. If you are a party to a contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the First Amended Plan within the deadline for objecting to the confirmation of this First Amended Plan. See Section {I.B.3.} of the First Amended Disclosure Statement describing this First Amended Plan for the specific date.

**2.   Rejections**

There are no leases to be rejected.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS July 31, 2010. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.   Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.   Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

## IV.

## EFFECT OF CONFIRMATION OF PLAN

**A. Discharge**

This First Amended Plan provides that upon payment in full of proposed plan payments to the unsecured creditors, Debtor shall be discharged of liability for payment of debts incurred before confirmation of this First Amended Plan, to the extent specified in 11 U.S.C.§1141. However, any liability imposed by this First Amended Plan will not be discharged.

**B. Revesting of Property in the Debtor**

Except as provided in Section {IV.E.}, and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtors.

**C. Modification of First Amended Plan**

The Proponents of this First Amended Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on this First Amended Plan.

The Proponents of this First Amended Plan may also seek to modify this First Amended Plan at any time after confirmation so long as (1) this First Amended Plan has not been substantially consummated and (2) if the Court authorizes the proposed modifications after notice and a hearing.

**D. Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the

-10-

the First Amended Plan, Plan Proponents shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.  Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the U.S. Trustee on or before the effective date of the First Amended Plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree or of an order of dismissal or conversion to Chapter 7.

**F.  Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after this First Amended Plan is confirmed, if there is a default in performing the First Amended Plan. If the Court orders the case converted to Chapter 7 after the First Amended Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to

-11-

the extent that relief from stay was not previously granted by the Court during this case.

## G. Final Decree

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the First Amended Plan Proponents, or other party as the Court shall designate in the First Amended Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Name of Plan Proponents:

Date:_____         *original signature to be
                       provided in future amendment*
                       Danilo Trinidad

Date:_____         *original signature to be
                       provided in future amendment*
                       Lydia Trinidad

Attorneys for Plan Proponents    John H. Bauer and Debra C. Young

Date: 5/5/10                     _____
                                 By: Debra C. Young

-12-

Debtors:

Date: 5/5/10                              _____
                                          Lydia Trinidad

Date: 5/5/10                              _____
                                          Danilo Trinidad


Attorneys for Debtors:                    John H. Bauer and Debra C. Young


Date: 5/5/10                              _____
                                          By:   Debra C. Young

## EXHIBIT A - EXECUTORY CONTRACTS TO BE ASSUMED

Debtors will assume the executory contracts that they have with their tenants as listed below:

Tenants at 15954 Vose Street

| | | |
|---|---|---|
| 1. | Julius Von Uhl | $525.00 |
| 2. | Chris Kyle | $665.00 |
| 3. | Ryan Pitcher | $725.00 |
| 4. | Kevin Alber | $575.00 |
| 5. | Jodie Fritz | $675.00 |
| 6. | Gordon Duffy | $650.00 |
| 7. | Diane Lopez | $650.00 |
| 8. | Jonathan Holeman | $500.00 |
| 9. | Alan C. Dominguez | $515.00 |

Tenants at 15811 Hart Street

| | | |
|---|---|---|
| 1. | Mariano Tolentino | $600.00 |
| 2. | Romy Solidum | $600.00 |
| 3. | Lawrence Garcia | $675.00 |
| 4. | Dante Paquette | $550.00 |
| 5. | Cecelia Nowlin | $600.00 |
| 6. | Mariemyesha Evans & Lee Arthur | $575.00 |