Debra C. Young
Attorney at Law
610 Anacapa Street
Santa Barbara, CA  93110
State Bar No. 117263
Phone: (805) 403-2213

FILED

JUN 28 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                        Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re:<br><br>Danilo Trinidad and Lydia Trinidad,<br><br><br>Debtors. | ) Case No. 09-27152 GM<br>)<br>) Application for Interim<br>) Attorney's Fees and Costs.<br>)<br>) Date:  August 11, 2010<br>) Time:  10:00 a.m.<br>) Place:  Courtroom 303<br>) |

To Judge Mund, the United States Trustee, to Danilo and Lydia Trinidad, and to all other interested parties, Debra C. Young, makes this application for attorney's fees and costs.

(A) (i) Brief Narrative History and Report Concerning the Status of the Case

When the debtors in possession, Danilo and Lydia, filed their Chapter 11 petition on December 18, 2009, they owned 2 residences, both located in Van Nuys, one on Vose Street and one on Hart Street. The value of these properties fell markedly as a result of the United States recession. Select Portfolio Services is the servicing agent and Wells Fargo is the lender for the Vose Street property, and Wachovia is the lender in the 1st position on the Hart Street property.

-1-

Wells Fargo filed a Motion for Relief From the Stay, which was continued. It is believed that the continuation date is August 31, 2010, the date set for the hearing on confirmation of the Plan. The Debtors opposed the Motion for Relief. The Debtors filed their Motion for Authority to Use Cash Collateral to pay the maintenance expenses for the two properties, which was granted. The Debtors filed an Original Disclosure Statement and Original Plan and a First Amended Disclosure Statement and First Amended Plan. The Debtors then filed their Second Amended Disclosure Statement, which was approved by Judge Mund at the hearing on June 8, 2010. The Judge also approved the Second Amended Plan has having content consistent with the Second Amended Disclosure Statement. By June 21, 2010, all creditors were served with the Order, a Ballot (August 13 deadline), the Second Amended Disclosure Statement, and the Second Amended Plan. The confirmation hearing is scheduled for August 31, 2010, at 10:00 a.m., in Department 303.

(B) Debra C. Young, along with John Bauer as co-counsel, were authorized to be employed as an attorneys for Debtors on March 12, 2010.

(C) No fees and expenses were previously requested of the court. Debra C. Young received a retainer of $5,000, which she held in her attorney trust until she had billed time, at the rate of $150 per hour, equal to that amount.

(D) Debra Young did the following work for the debtor: Debra Young wrote the Original Disclosure Statement and Original Plan, the First Amended Disclosure Statement and First Amended Plan, and the Second Amended Disclosure Statement and Second Amended Plan. She appeared on behalf of the Debtors at the hearing on Wells Fargo's Motion for Relief From Stay, appeared at the hearing on the adequacy of the First Amended Disclosure Statement, and appeared at the hearing on the adequacy of the Second Amended Disclosure Statement.

1     (E)  The detailed listing of all time spent by Debra Young on matters for which

2 compensation is sought is attached hereto as Exhibit "1".

3     (F)  The Second Amended Disclosure Statement and Second Amended Plan provide

4 that Debra Young will be paid fees as an administrative expense the amount of $16,970 on

5 the effective date.  This payment would be in addition to the $5,000 that Debra Young was

6 already paid from the retainer.

7

8     (H)  <u>Professional Education and Experience</u>

9 <u>Education:</u>

10 *University of California Santa Barbara, Bachelor of Arts in Philosophy - 1979*

11 *U.O.P. McGeorge School of Law, Juris Doctor – 1984*
*2nd Place, Verbal Appellate Argument - Moot Court Competition*

12

13 *Admitted to Practice in California, 1/3/09 – Admitted U.S. Central District, 10/15/87*

14 <u>Experience:</u>

15 *Law Offices of Biering & Biering    1984-1987*
*Morro Bay, California*

16

17     Wrote the prospectus to enable the individual mobile home tenants, through purchase of shares, to buy the Daisy Hill Mobile Home Park – purchase price $3 million.  Civil litigation in the areas of personal injury, real property and landlord tenant law.

18

19 *Santa Barbara Savings    1987-1988*
*3000 Block of State Street*

20 *Santa Barbara, CA  93105*

21     In house counsel responsible for accounting for payments due from debtors in

22 bankruptcy; when a bankruptcy debtor fell several payments behind, responsible for referring the case to outside counsel to seek relief from the automatic stay.

23

24 *Debra C. Young, Attorney at Law    1988-1996*
*105 E. De La Guerra, Suite 7*

25 *Santa Barbara, California  93101*

26     Collection attorney.  About 30 one hour court trials – 95% decisions in favor of my

27 clients.  Two Chapter 7 cases, one Chapter 13 case, ten Relief From Stay Motions. Appointed twice by Judge Ronald Stevens to represent conservatees.

28

*Debra C. Young, Attorney at Law*      2009
*4535 Oak Glen Drive, E*
*Santa Barbara, California   93110*

Represented Debtors in four Chapter 11 cases, and am retained to work on a fifth Chapter 11 case.

(J)  Declaration From the Client.

Danilo and Lydia Trinidad received a copies of my invoices dated March 8, 2010 through June 21, 2010, and they signed a Declaration, attached hereto as Exhibit "2", saying that they had no objection.

(K) Other professional persons retained pursuant to court approval may also seek approval of interim fees at this hearing, provided that they  file and serve their applications in a timely manner. Unless otherwise ordered by the court, hearings on interim fee applications will not be scheduled less than 120 days apart.

(L) Applicant, Debra Young, has reviewed the requirements of Local Bankruptcy Rule 2016-1, and this application complies with this rule.

Respectfully submitted,

Debra C. Young
Attorney for Debtors

Exhibit "1"

DEBRA C. YOUNG
Attorney at Law
610 Anacapa Street
Santa Barbara, CA  93101
(805) 403-2213

Danilo and Lydia Trinidad – Invoice                                                March 8, 2010

2/11/10

Read Application for Employment as Attorneys which was emailed by John Bauer.  Send email to John Bauer with suggestions about additions to his Application.

1.7 hours

Read John Bauer's Declaration in Support of Application.  Email with minimal comment on the Declaration, but with a few more suggestions about the Application.

.5 hour

Per John Bauer's request, prepare, then email my revised resume.

.3 hour

Log on the ECF and look at case docket.  Read and print out Schedule A, Schedule D and Notice of Assignment of Rents.

.5 hour

12/13/10

Read Collier pertaining to use of cash collateral for adequate protection.  Read Bk Cod Sec. 552(b).  Read lender's claim to rents.  Read case law to find cases that support client's right to use cash collateral to pay the secured mortgage.

2.5 hours

12/15/10

PC with John Bauer to talk about law of rents/cash collateral when the lender is undersecured.

.35 hour

Prepare folder with information to give to John Bauer.  In it place copy 6 relevant pages of Collier on law of rents when the lender is undersecured, prepare and enclose Declaration, prepare and enclose Retainer Agreement, prepare and enclosed Motion for Authority to Use Cash Collateral.

2.5  hours

12/16/10

Meet with John Bauer, Lydia Trinidad and Danilo Trinidad in Woodland Hills

1.25 hours

Phone call from John Bauer explaining that Wells Fargo attorneys appeared at the 341(a) meeting and said they would be bringing a motion under Bankruptcy Code Section 1111. One other issue also raised – research and tell John Bauer.

.3  hours

12/17/10

Write email to John Bauer setting forth understanding of the law with analysis re: 7 issues in the case.

1.6 hours

Per John Bauer's request, revise Declaration.

.2  hour

Receive email from John Bauer asking me to review documents associated with Application for Employment as Attorneys.  Review and write down comments.

.8  hour

12/18/10

Email from John Bauer asking about documents.  Email reply.

.2  hour

Complete comments to Application for Employment and email to John Bauer.

1.1 hours

12/19/10

Work on Disclosure Statement.

.8 hour

Email to John Bauer about possibly employing accountant and to report on progress on the Disclosure Statement.

.4  hour

Further work on Disclosure Statement.

.5  hour

12/20/10

Work on Disclosure Statement.

3.2  hours

Study cramdown provisions of Section 1129 and apply the concepts to this case.

1.5 hour

12/21/10

Draft email to John Bauer analyzing the facts of this case with the cramdown provision of Sec. 1129.

1.8 hour

Phone call from Lydia Trinidad – discuss the Trinidad's pursuit of Chapter 11 plan confirmation.  Email written explanation to Lydia Trinidad.

.5 hour

Reply to John Bauer's questions about finalizing the Application for Employment in compliance with local rules.

.2 hour

PC to John Bauer about parameters for Chapter 11 Plan as set forth in my email of this morning.

.4 hour

Two emails from John Bauer, one forwarded from Lydia, in which they are both talking about seeking a modification agreement with Wells Fargo.  PC voicemails to John Bauer and PC to Lydia Trinidad about options.

1.0  hour

PC reply from John Bauer and discuss client's preference to keep Vose Street and how we may proceed with negotiations with the lender to accomplish that goal.  Research Section 1129 and email relevant portions, along with additional comments for the Wells Fargo negotiation, to John Bauer.

1.0  hour

PC reply from Lydia Trinidad.

.2 hour

PC from Lydia Trinidad – what about a Chapter 7?

.3  hour

Email from John Bauer asking for comments about attached letter proposal to Wells Fargo.  Read, then email 2 suggestions to John Bauer.

.5  Hour

2/25/10

Receive email from John Bauer with attached final letter.  Email reply.

.2  hour

Receive email from John Bauer asking about procedure for obtaining an order for use of cash collateral by stipulation.  Research Local Rules and email John Bauer back with a cite to the relevant rule.

.5  Hour

2/26/10

Emails from John Bauer about his interest in my reviewing the Motion for Authority to Use Cash Collateral and For Adequate Protection.  And about serving the "obligee" who fraudulently obtained security interests in the second position on both propertes.  Reply.

.3 hour

2/27/10

Email from John Bauer, with copy to Lydia Trinidad, about Motion for Use of Cash Collateral.  Email exchange with John Bauer re: same.

1.0 hour

Review the Motion for Use of Cash Collateral that John Bauer wrote.  Make comments and email.

1.1 hour

3/1/10

Email from John Bauer asking for 4 pages from Collier on use of cash collateral in case of unsecured creditor.  Scan and email the 4 pages.

.4 hour

3/2/10

Work on Disclosure Statement.

2.3 hours

3/3/10

Complete draft of Disclosure Statement nearly to the point of emailing to John Bauer and clients.
Needs a final proof.

3.7 hours

3/4/10

Final proofread of Disclosure Statement, a few changes, then email to John Bauer.

1.2 hour

Email to Lydia Trinidad explaining about the Disclosure Statement that I attached.

.7 hour

3/5/10

Revise Disclosure Statement and send to John Bauer and Lydia Trinidad.

.5 hour

3/6/10

Email to John Bauer with comment on Disclosure Statement and suggested revision.

.3 hour

3/8/10

Read John Bauer's email with questions and comments about Disclosure Statement. Reply.

1.2 hour

3/8/10

Email reply to Lydia Trinidad's voicemail asking about financial reporting requirements.

.5 hour

Email to Lydia Trinidad about need to hire an accountant and apply to the court for employment of the accountant.

|  |  | .2 hour |
|---|---|---|
|  | Hours = | 39.1 hours |
|  | 39.1 hours x $150 per hour = | $5,865.00 |

Costs

| 12/16/10 | Round trip travel to L.A. – | $100.00 |
|---|---|---|
| Pacer access fees: |  | $13.44 |
|  | Costs = | $113.44 |

|  | Total hours plus total costs = | **$5,978.44** |
|---|---|---|

DEBRA C. YOUNG
Attorney at Law
610 Anacapa Street
Santa Barbara, CA  93101
(805) 403-2213

Danilo and Lydia Trinidad – Invoice                                                      April 11, 2010

3/9/10

Research 5 year commitment period for disposable income.  Research cramdown as it affects term and interest rate.

2 hours

PC from Lydia Trinidad about financial requirements and about offer to Wells Fargo.  PC to John Bauer about the offer to Wells Fargo.  Read email of Lydia Trinidad to John Bauer.

.8 hour

3/14/10

2 phone calls from Lydia – no message.  2 emails from Lydia about Motion for Relief From the Automatic Stay filed by Wells Fargo.  Email reply to Lydia with copy to John Bauer about Motion for Relief.

.5  hour

Phone call from Lydia Trinidad – discuss import of Wells Fargo's Motion for Relief.  Email John Bauer about conversation with Lydia and her directive.

1.1 hour

2 emails from Lydia Trinidad – to John Bauer and copied to me – about making an increased offer to Wells Fargo.

.2 hour

3/15/10

Two email exchanges with John Bauer about the points to be included in the Opposition to Motion for Relief From Stay that he will be drafting.

1.0 hour

Prepare USTLA-6.

1.0 hour

3/16/10

Email from Lydia Trinidad and email from John Bauer about the Wells Fargo negotiations.

.2 hour

Email to Lydia Trinidad with copy to John Bauer advising to wait for further negotiation until after we prepare and file 2 legal documents.

.5 hour

Research Motion procedure.  Email to John Bauer.

.6 hour

PC from Lydia Trinidad – speak to her about the necessary content for the Financial Statements.

.4 hour

Email from John Bauer about Lydia Trinidad's interest in making another offer to Wells Fargo.  Email reply to John Bauer about that.

.3 hour

3/17/10

Coordinate mailing of USTLA-6.

.2 hour

Email from Lydia Trinidad with an idea about her case.  Reply by email.

.4 hour

Email from John Bauer asking me to notice hearing on Motion for Cash Collateral. Email reply that I will do so.

.2 hour

Prepare and mail Notice of Hearing on Motion for Use of Cash Collateral.

1.0 hour

Phone call from Lydia Trinidad about legal meaning of Motion for Relief and to discuss status of her work on the Disclosure Statement. Email to John Bauer to coordinate.

.8 hour

Read Motion for Relief and John Bauer's final draft of the Trinidad's Objection. Email to John Bauer with comments.

1.1 hour

Email from John Bauer asking about steps needed to complete Disclosure Statement. Email reply.

.3 hour

Email from John Bauer regarding term of the Plan and best hearing date for Wachovia motion. Email reply.

.4 hour

3/18/10

Receive email of Financial Statements and tax returns from Lydia Trinidad and print out.

.6 hour

Analyze Financial Statements with respect to how the information will relate to the Disclosure Statement. 3 email exchanges with Lydia Trinidad about the Financial Statement information. Phone call with Lydia Trinidad to discuss revisions to the Financial Statements. Work on final draft of the Disclosure Statement.

2.6 hours

Further work on Disclosure Statement.

1.8 hours

Work on Disclosure Statements including Exhibits.

1.6 hours

3/19/10

Receive email from Lydia Trinidad with revised Financial Statements – Projections to 12/10. Phone call from Lydia Trinidad to ask if there is any pre-petition obligation for Hart Street at this time – no. Also discuss structure and content of the Disclosure Statement and Plan.

1.0 hour

Proof the 28 page Disclosure Statement and revise it to add in the Financial Statement information recently provided by Lydia Trinidad.

                                                                    5.2 hour

Email Lydia Trinidad with request for revision of Statement of Income – Salaries and Wages.

                                                                    .2 hour

Email to John about division of remaining work on Disclosure Statement and Plan.

3/21/10                                                             .3 hour

Email from John Bauer about procedures implemented to solve financial problems.  Email reply.

                                                                    .6 hour

Email from Lydia about receiving Wells Fargo's Opposition to the Motion for Authority to Use Cash Collateral.  Per  Lydia Trinidad's request, research length of time for Plan.  Email from John Bauer about cramdown, inquiry about the accounting in the Disclosure Statement, notice to creditor Nexus Home Solutions, and completion of administrative claims.  Research and reply to Lydia Trinidad and John Bauer.

                                                                    3.0 hour

3/22/10

    2 emails from Lydia Trinidad.  Incorporate that information into Disclosure Statement.

                                                                    .3 hour

    Prepare Notice of Hearing on Motion for Use of Cash Collateral & for Adequate Protection for April 14, 2010.  Serve by mail.

                                                                    1.4 hours

    Email from John Bauer saying that the court clerk asked him to re-notice the hearing for a date other than April 14.  Email reply that I will re-notice for the date he and the clerk decide upon.

                                                                    .2 hour

    Read 6 emails from Lydia Trinidad and print out attachments in oder to incorporate the information into the Disclosure Statement.

                                                                    1.1 hours

-4-

Revise Statement of Income – Salaries & Wages

.6 hour

3/23/10

Read email of Lydia Trinidad with suggested changes to Disclosure Statement. Make all but one change. Explain the exception in an email, with copy to John Bauer, that also talks about obtaining signatures, requests comparison of 2 figures, makes note of administrative expenses, and suggests a cover letter to the bank.

2.3 hour

3/23/10

Email from John Bauer about the amounts to include for the Exhibit "F" administrative expenses. Email to him confirming receipt of same and asking for his proofread of Disclosure Statement with request particular attention to certain sections. Assemble attachments and exhibits for mailing to client. Print out and sign signature page and send with attachments, exhibits to clients.

.8 hour

Email to Lydia Trinidad in reply to her question about how bankruptcy limits the creditors. Also, talk about a method for filing the Disclosure Statement.

.4 hour

3/24/10

Email from John Bauer with questions and comments about the Disclosure Statement. Email reply with answers to a couple of his questions. Make change to Exhibit F, print out, and include with other attachments and exhibits in mailing to Lydia Trinidad.

.6 hour

PC from Bruce Baron, Judge Mund's clerk, asking that I re-notice hearing for April 13, 2010. Inform John Bauer so that he can schedule Wachovia Motion for that date.

.3 hour

4 voicemails from Lydia Trinidad and one from Gilbert asking about the calculation of the summary monthly average for the prior 3 years. Re-calculate and show new figure and my work to Gilbert and to Lydia Trinidad in email. Email comment on John Bauer's and Lydia Trinidad's feasibility assessment of the amount to pay to unsecured creditors and the method.

2.0 hours

PC from Lydia Trinidad -  discuss parameters relevant to her business decision of amount to pay
unsecured creditors.

1.0 hour

Pursuant to John Bauer's interest in writing the Plan, find form on the court website, then email to him
tell him the form number.

.2 hour

Read email of John Bauer asking for deadline for filing the Plan. Research then email him that the
FRBP 3016(b) requires that the Plan must be filed with the Disclosure Statement. Ask if he noticed the
Wachovia Cash collateral/Adequate protection hearing for 4/13/10 at 10:00 a.m.. Prepare notice of
Wells Fargo Cash collateral/Adequate protection hearing for 4/13/10 at 10:00 a.m.

2.5 hours

3/25/10

Read John Bauer's 3 emails and Lydia Trinidad's 3 emails about final financials and other matters, send
email replies.

.5 hour

John Bauer email asking about number of days notice required before scheduling hearing for Motion
for Use of Cash Collateral re: Wachovia.  Suggest that he call Wachovia and ask if they will stipulate to
adequate protection payments. 2 emails from John Bauer and 1 from Lydia about proposal to pay
adequate protection to Wachovia.  2 email replies from me with my thoughts.

.6 hour

Prepare Amended Notice of Hearing for Motion for Relief From Stay, and 2nd Amend Notice for
Motion for Use of Cash Collateral.

1.5 hour

Email from Lydia Trinidad and John Bauer about adequate protection payments, their consideration of
a final business decision, and Lydia Trinidad attached financial statements and her comments to the
Disclosure Statement. Email back with my thoughts and emphasize importance of swiftly making final
decisions about the content of the Disclosure Statement in light of approaching deadline.

3.5 hour

3/26/10

2 emails from John Bauer and 1 from Lydia Trinidad with final information.  Email to say that with this
final information I can complete the Disclosure Statement. Complete the Disclosure Statement. Draft
letter to Wells Fargo attorney indicating enclosure of Disclosure Statement and asking that they

-6-

stipulate to resolve the 2 matters on the April 6, 2010 calendar.

                                                              4.6 hours
3/27/10

Mail signature pages for Disclosure Statement and Plan.

                                                              .2 hour

Email from Lydia Trinidad with a question about one of financial aspect of the Disclosure Statement.
Reply.

                                                              .3 hour

Research FRBP 3016 and 3017.  Self-calendar for May 11, 2010.  Prepare Notice of Hearing on
Adequacy of Disclosure Statement.

                                                              1.5 hour
3/28/10

Finalize letter to Wells Fargo; include that the hearings on the 2 motions have changed to April 6.
Attach Disclosure Statement and letter as attachments to email.  In that email, prepare and email
instructions to client so that she can assemble exhibits to Disclosure Statement, and prepare the
Disclosure Statement and copies for filing.  In that email, inform client of the change in the hearing
dates for the 2 motions to April 6.
                                                              1.7 hour

Email client asking for 2010 Statement of Income – Salaries so that I can include in mailing.

                                                              .2 hour

Prepare Chapter 11 Plan.  Email to client.

                                                              2.2 hours
3/29/10

Email to John Bauer informing of my vacation from 3/29 to 4/4 and explaining that Disclosure
Statement and Plan were completed and sent to Lydia Trinidad for filing.  Copy to Lydia Trinidad.

                                                              .5 hour

PC from Greg Babcock, McCarthy & Holthus, requesting continuance of the 2 hearings from
April 6 to April 13.  PC return call, leave voicemail message saying the continuance is okay and to
please email John Bauer to inform him.

                                                              .2 hour

Assemble Disclosure Statement and Plan, with attachments and exhibits, in preparation for filing.

.2 hour

PC to Greg Babcock, attorney for Wells Fargo and ask if he sent out notices continuing the hearings to April 13 as he said he would be doing. No, John Bauer declined that request, hearings are set for April 6. PC to John Bauer asking if he will be appearing by himself, or if he would like me to appear at the hearing. Email Lydia Trinidad with the request for one page to be included in the mailing of the Disclosure Statement and Plan.

.5 hour

Email from John Bauer about curing post-petition arrearages to Wachovia. Email from Lydia about her mailing of Disclosure Statement and Plan. Email to Lydia asking questions to make sure the mailing was complete.

.6 hour

4/5/10

Email to Lydia and John about my conversation with opposing counsel, Greg Babcock.

.1 hour

4/6/10

Prior to hearing, read Motion for Relief, Opposition, and Reply to Opposition. Also read Motion for Use of Cash Collateral and Opposition.

1.0 hour

Appear in court for Motion for Use of Cash Collateral and in opposition to Motion for Relief. Afterwards, meet in lobby with John Bauer, Lydia Trinidad, the Trinidad family and Wells Fargo attorney Gregory Babcock. Lydia Trinidad pays the adequate protection amount agreed to in court. I tell Gregory Babcock about the aspects of the Disclosure Statement and Plan that are beneficial to Wells Fargo.

1.5 hours

Prepare Supplemental Proof of Service of the Disclosure Statement and Plan.

.5 hour

4/8/10

Email from Lydia about getting the results of the court hearing as part of the court record. Email reply to her saying that I will prepare an Order. Also reply, with copy to John Bauer, about other housekeeping matters.

.4 hour

With respect to noticing possible Status Conference, go to PACER to see what hearing is scheduled for May 18. Email to John Bauer seeking clarification.

.3 hours

Read about appearance by telephone, and email about same to John Bauer.  Prepare Order after April 6 hearing.

4/9/10                                                                                    1.4 hour

Read 4 emails of John Bauer.

                                                                                          .2  hour

Prepare Notice of Status Conference for May 18.

                                                                                          .2 hour

Prepare Supplement to Proof of Service of Disclosure Statement.

                                                                                          .2 hour

Read email from John Bauer saying he hasn't been able to locate a person with authority at Wachovia. Research to determine what effect their neglecting to vote on the Plan would have on Plan confirmation – failure to vote cannot be construed as acceptance. Email results of research to John Bauer.

                                                                                          .4  Hour
Prepare UST LA-6.

                                                                                          .6

Question from John Bauer about cramdown.  Question from John Bauer about inability to contact Wachovia representative to discuss adequate protection offer.  Reply with my thoughts.

                                                                                          .5 hour

                                    Subtotal hours:   66.7 hours

                           66.7 hours x $150 per hour:  $10,005.00

Invoice dated 3/8/10:                        $5,978.44

Less payment from funds in trust:            -$5,000.00

                    Balance from 3/8/10 due this statement:   $978.44

                    Total due for attorney time: $10,983.44

COSTS:

| | | |
|---|---|---|
| 3/21/10 - | PACER | $11.76 |
| 3/22/10 - | Copies: | $2.00 |
| | PACER: | $2.56 |
| | Postage: | $10.56 |
| 3/24/10 - | Copies: | $20.95 |
| | Postage: | $9.78 |
| 3/25/10 - | Copies: | $3.00 |
| | Postage: | $10.18 |
| 3/26/10 | Postage: | $4.40 |
| 4/6/10 - | Round trip to Van Nuys for court – car expense: | $100.00 |
| | Copies of Discl. St. & Plan & Not. Of Hearing for mailing: | $95.76 |
| | Postage for mailing copies of Discl. St. & Plan & Not. Of Hearing. | $43.71 |
| 4/8/10 | PACER: | $10.32 |
| | **Subtotal costs:** | **$324.98** |

**Total attorney time of $10,983.44, plus costs of $324.98 = Total:  $11,308.42**

DEBRA C. YOUNG
Attorney at Law
610 Anacapa Street
Santa Barbara, CA  93101
(805) 403-2213

Danilo and Lydia Trinidad – Invoice                                                May 15, 2010

5/1/10

Prepare First Amended Disclosure Statement.  Email to clients for filing with the court.

   5.2 hours

5/4/10

John Bauer sent me the draft Response by email.  Analyze and reply by email.

   .8   hour

Receive email of a draft Disclosure Statement from client.  Read, then email reply.

   .8   hour

Receive John Bauer's revision of Response to Objection.  Problem with word software, revise to correct that problem.  Add an argument on page 7.  Prepare cover letter to Gregory Babcock – fax with Response asking him to consent to the adequacy of the First Amended Disclosure Statement.  Copy to John Bauer and Lydia Trinidad.

   2.2 hours

5/5/10

Prepare First Amended Plan.  Coordinate collating of First Amended Disclosure and First Amended Plan, prepare Proof of Service of these documents, and send all to the court for filing and all other interested parties.

   2.7 hours

5/6/10

Email from John Bauer saying that Wachovia accepted adequate protection offer.  Email to L. Trinidad asking her about the length of time that she lived at Keswick.

   .2   hour

PC from L. Trinidad to report on the length of time living at Keswick.

   .2   hour

5/7/10

Prepare Order Approving First Amended Disclosure Statement and Approving Content of the Plan as Consistent with the First Amended Disclosure Statement.

   .9   hour

Question from John Bauer regarding fees set forth in the First Amended Disclosure Statement. Reply.

   .2   hour

Read Judge Mund's tentative ruling on the adequacy of the Disclosure Statement. Note one particular issue as requiring some research. Communicate with co-counsel. Place call to Gregory Babcock.

   1.1 hour

PC from Lydia Trinidad – discuss Judge's tentative ruling.

   .5   hour

Reply to John Bauer's email about Judge' tentative ruling.

   .2   hour

Research law to reply to Judge's tentative ruling. Write reply and email to client. PC with Gregory Babcock – ask what Wells Fargo wants, do they want the property back or do they have a settlement figure?

   2.0 hours

5/11/10

Appear in court on hearing on adequacy of Disclosure Statement. Argue John Bauer's insight that the Hart Street loan allows for non-residential use after 12 months. Judge Mund rules that the Hart Street loan is subject to strip down. Gregory Babcock, attorney for Wells Fargo, says that the bank is willing to settle. Discuss all with L. Trinidad. Write settlement letter to Gregory Babcock and fax. Email to John Bauer with copy to L. Trinidad attaching settlement letter.

   1.0 hour

5/12/10

PC from L. Trinidad saying that the settlement letter did not get copied to John Bauer and please resend

to him. Email to John Bauer with attached settlement letter – explain need to treat Wachovia similarly to Wells Fargo to meet the "fair and equitable" requirement. Email to L. Trinidad asking for her decision with regard to the settlement approach. Email from Lydia stating the offer that she wants me to present to Gregory Babcock. Request from L. Trinidad that I call John Bauer. Call John Bauer. Call and email from L. Trinidad about offer.

    1.4 hour

Print out 2 signature pages and send to Trinidads for signature.

    .2  hour

Calculate percentage to unsecureds that one more year of payments will produce.

    .1 hour

5/13/10

Voicemail to Gregory Babcock presenting one more year offer. Email to L. Trinidad and J. Bauer to inform them that I made the voicemail offer.

    .3 hour

Voicemail from Gregory Babcock asking that revised settlement be faxed to him. Prepare letter with revised settlement offer and fax to Gregory Babcock. Email L. Trinidad with copy to John Bauer attached the revised settlement letter.

    .6  hour

Email to L. Trinidad and John Bauer – no reply from Gregory Babcock today. Email from John Bauer about status of negotiations. Read treatise about 1111(b) election. Two emails to John Bauer attaching treatise and commenting on the meaning of 1111(b)(2) election in this case. Do the math.

    1.7 hour

Prepare USTLA-6.

    .6 hour

22.9 Total Hours x $150 Per Hour =                                        $3,435 Fees

Costs

5/5/10                                                          Copies:  $131

|  |  |  |
|---|---|---|
|  | FedEx: | $109 |
| 5/11/10 | Travel - $25 each way (split with Estanislao): | $50 |
| 5/12/10 | Postage: | $1.32 |
| 5/15/10 | Copies for USTLA 6: | $3.40 |
|  | Postage: | $8.36 |
|  | Subtotal Costs: | $303.08 |
|  | Credit for Payment: | -$240.00 |
|  | Balance of Costs Due: | $63.08 |
|  | Plus Fees: | $3,435 |
|  | Total Due: | $3,498.08 |

DEBRA C. YOUNG
Attorney at Law
610 Anacapa Street
Santa Barbara, CA  93101

Danilo and Lydia Trinidad – Invoice
April 19, 2010 to June 21, 2010
And Total From Invoices Dated 3/8/10, 4/11/10, 5/15/10 and 6/24/10, And This Invoice

4/19/2010

Electronically file Supplement to Motion for Authority to Use Cash Collateral.  Email client and also tell her that John Bauer will be appearing on this Motion by telephone.

.7 hour

Check tentative ruling for tomorrow's hearing.  Judge comments that she hasn't seen the Motion.  Call John Bauer to see if I may help.  He has already squared things away with the court clerk.

.1 hour

4/20/10

Read letter from John Bauer about letter to Wachovia.  Read letter of L. Trinidad about adequate protection payments.  Email reply saying that next expected work on the case, unless a creditor files a motion, is May 11 Hearing on Adequacy of Disclosure Statement.

.2 hour

Read Weinstein case.  Report to L. Trinidad.  Do the math by applying the Weinstein case to the Disclosure Statement and email to L. Trinidad.

2.0 hours

Prepare draft email to Greg Babcock.  Send this draft to L. Trinidad for review.

.3 hour

PC from L. Trinidad asking about 1111(b) and Weinstein as they apply to her case.

.6 hour

4/21/10

Email from John Bauer suggesting I could write Status Conference Statement and asking for appearance information about May 18 Status conference.  Reply and receive reply in return.

.2 hour

Email from John Bauer about appearances, in person and by phone, on May 11. Reply.

.1 hour

4/22/10

To law library to try to find forms for Determination That Disclosure Statement is Adequate and for Ballots. No such luck -- will look elsewhere.

.4 hour

4/23/10

Question from L. Trinidad about date on the amendment/signature page. Reply. P

.1

Question from John Bauer about feasibility after payment of adequate protection. Do the math and email reply. Receive John Bauer's questions and comments and redo analysis.

1.7 hour

Read John Bauer's email about anticipated future work in the case. Reply with my assessment.

.2 hour

4/26/10

Prepare Order for Authority to Use Cash Collateral and send to court for filing.

.6 hour

Receive signed Amendment/Signature Page and send to court for filing.

.1 hour

Prepare Status Conference Statement and send to court for filing.

.6 hour

4/27/10

Email from L. Trinidad asking if Disclosure Statement and Plan were served on Wachovia. Find filed Proof of Service and report to L. Trinidad that Wachovia was served. Cc to John Bauer. Receive electronic notice of Wells Fargo's Objection to Disclosure Statement. Read. Attach to email to client and co-counsel with recommendation about addressing the Objection.

.6 hour

4/28/10

In reaction to Wells Fargo's objection, read email from John Bauer and from L. Trinidad. Listen to email of John Bauer. Call John Bauer and discuss division of work to prepare a response to objection.

.3 hour

Research deadline for filing response to objection. Research Bankruptcy Code 1125. Email research results to L. Trinidad and John Bauer.

1.0 hour

Closely read objection – research cited Section 1129(a)(15)(B). Email to John Bauer with analysis of the code section and suggesting approach for dividing the work to get the Response written. Email to L. Trinidad thanking her for current DIP account information and informing her of the estimate of time it will take to complete the Response.

.6 hour

Email reply to L. Trinidad about her question about Wells Fargo's objection re: feasibility. Say that her plan is feasible and the math in the Response will show that. Write Response.

1.2 hour

4/29/10

Call bankruptcy attorney friend to discuss Section 1129(a)(15)(B) – realizing the clear meaning of this code section, rewrite the Reply to the Objection to include a change in the math/payments. Email to John Bauer for review.

.8 hour

2 email exchanges with John Bauer about the financial terms of the Response and his conversation with client. A third email exchange. Voicemail from Greg Babcock in reply to my message to his paralegal asking about his 1129(a)(15)(B) objection. He said that he has decided to retract that objection and will be filing an Amended Objection that omits that particular objection. Voicemail about this turn of events to John Bauer and telephone call to L. Trinidad.

.7 hour

4/30/10

Email to John Bauer about approach in preparing Response, 1st Amended Disclosure Statement, and 1st Amended Plan. Prepare Response to Wells Fargo's Amended Objection to Original Disclosure St..

2.5 hours

5/14/10

Research 1111(b)(2) election in Collier.  2 email exchanges with John Bauer.  Read John Bauer's due on sale analysis.  Reply with my thoughts. Email to Lydia Trinidad saying that we are working on her case and will report tomorrow.

.5 hours

Reply to John Bauer's Due on Sale analysis.

.5 hour

Read Gregory Babcock's email.  Cut and paste into email to John Bauer.  Ask how we should present the results of the 1111(b) election to Lydia Trinidad.

.2 hour

Research 1111(b) application of interest payments to principal amount of secured claim.

1.0 hour

Email exchange with John Bauer about counter-offer.

.3 hour

Email from Lydia Trinidad asking about Wachovia's role in light of Wells Fargo's 1111(b) election. Email reply.

.3 hour

5/21/10

Write email to Greg Babcock setting forth the terms of proposed Second Amended Plan and ask that he say that SPS will not object.  Copy to L. Trinidad.

1.0 hour

Send signature page by way of attachment to L. Trinidad.

.1 hour

Email from John Bauer asking if he should read the Weinstein case.  Email back saying that it is not necessary for him to read the case.

.1 hour

5/24/10

Work on Second Amended Disclosure Statement.  Emails to John Bauer & L.Trinidad about the

attorney's fee component.

8.0 hours.

Email from John Bauer re: attorney's fees. Reply. Email to Lydia Trinidad re: attorney's fees.

3 hour

5/25/10

Complete preparation of Second Amended Disclosure Statement.

2.0 hours

Email to Lydia Trinidad re: status.

.2 hour

Incorporate L. Trinidad's changes into Second Amended Disclosure Statement. Prepare Second Amended Plan.

4.0 hours

Call from L. Trinidad to request changes.

.2 hour

Per L. Trinidad's request, change Second Amended Disclosure Statement. Email to L. Trinidad and John Bauer. Change Second Amended Plan.

1.3 hours

6/7/10

Read Judge Mund's tentative ruling. Email to client. Prepare proposed Order Approving Adequacy of Disclosure Statement.

1.0 hour

6/8/10

Appear in court on hearing on adequacy of disclosure statement.

1.6 hours

PC Greg Babcock after court hearing on modification.

.3 hours

PC L. Trinidad after hearing.

.3 hours

6/9/10

Email from L. Trinidad next day after the hearing, attaching John Bauer's email, and asking about mediation. Email reply, saying, among other things, that Wells Fargo does not have to agree to mediation. Email from L. Trinidad asking when she can get the application for modification. PC from L. Trinidad about the application process.

1.0 hour

6/12/10

PC with Lydia Trinidad re: modification.

.4 hour

6/13/10

Prepare Disclosure Statement for mailing.

.5 hour

Email John Bauer re: status, copy to L. Trinidad.

.2 hour

Prepare the Order for electronic upload with courtesy copy to the Judge.

1.0 hour

6/16/10

Email from Greg Babcock about SPS short sale offer. Forward email to Lydia Trinidad and also leave a voicemail for L. Trinidad. Speak to Lydia about whether short sale a possibility – not it is not. Email Greg Bauer.

.5 hour

6/21/10

Receive Notice of Entered Order Re: Second Amended Disclosure Statement. Prepare mailing to 8 creditors and prepare Proof of Service. Email L. Trinidad to let her know.

　　　1.4 hours

43.8hours @ $150 per hour = $6,570

## TOTAL INVOICE AMOUNTS

| | |
|---|---|
| INVOICE DATED MARCH 8, 2010: | $5,978.44 |
| INVOICE DATED APRIL 11, 2010: | $11,308.42 |
| INVOICE DATED MAY 15, 2010: | $3,498.08 |
| INVOICE DATED JUNE 24, 2010: | $6,570.00 |
| TOTAL: | $27,354.94 |

### Statement of Debra C. Young

So long as there is no other work than the August 31, 2010 confirmation hearing required of me in this case, I, Debra C. Young, agree to accept $21,700 instead of the above total, as my total fees in this case. The $21,500 represents the $5,000 retainer paid, and the $16,700 proposed to be paid on the effective date of the Plan. If additional legal work is required of me, I will bill from $21,700 at the hourly rate of $150 per hour for the additional work.

Dated: June 24, 2010                                    /s/ Debra C. Young

Exhibit "2"

## Declaration of Lydia and Danilo Trinidad

We have read the other invoices mailed to me with the USTLA-6 Trustee's cover sheet, this invoice, the total invoice amounts, and the above statement regarding any potential legal fees, and I agree with the content of these documents, specifically I agree that Debra Young may be paid attorney's fees in the retainer amount of $5,000 plus $16,700 on the effective date of the Plan, for total fees for work thus far in the amount of $21,700.

/s/ Lydia Trinidad

Dated: June 25, 2010

/s/ Danilo Trinidad

Dated: June 25, 2010